LARS T. FULLER (No. 141270)
SAM TAHERIAN (No. 170953)
JOYCE K. LAU (No. 267839)
THE FULLER LAW FIRM, P.C.
60 No. Keeble Ave.
San Jose, CA 95126
Telephone: (408)295-5595
Facsimile: (408) 295-9852

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ENVIA HOLDINGS, LLC<br><br>Debtor | CASE NO. 22-50489-MEH<br><br>**APPLICATION FOR ORDER UNDER 11 USC §327(A) AUTHORIZING EMPLOYMENT OF PHP GROUP, INC. AS LISTING BROKER**<br><br>CHAPTER 11<br><br>Date: None Set<br>Time: None Set |

Envia Holdings LLC, Debtor and Debtor-in-possession in the above-referenced proceeding ("Debtor" hereinafter) applies to the Court for an order under Sections 327(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), authorizing the employment of PHP Group, Inc. as broker to list debtor's real properties at 0 Denio Ave. Gilroy, CA and 325 Denio Ave. #B Gilroy, CA (APN 835-07-023 and 835-07-024) including two mobile homes affixed thereto [collectively "Property" hereinafter].

1
APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF PHP GROUP, INC. AS LISTING BROKER

# BACKGROUND

1. Debtor filed the herein petition on June 2, 2022.

2. Debtor is the owner of the Property.

3. The Property is encumbered by delinquent property taxes owed to County of Santa Clara Department of Tax & Collections. Per Proof of Claim No. 2 filed in the herein case, the amount delinquent was $51,290.94 as of the petition date.

4. The Property is further encumbered by a lien in favor of Richard Vasquez, Debtor's uncle. Mr. Vasquez asserts that $1,750,000 was owed on or about the petition date.

5. Debtor seeks to sell one of the parcels if the proceeds of sale are sufficient to pay the secured debt in full, or if not, the entire Property.

6. No official committee has yet been appointed in the case.

7. The Court has jurisdiction over the Motion under 28 U.S.C. §§157 and 1334. Venue is proper under 28 U.S.C. §§1408 and 1409. The Motion is a core proceeding under 28 U.S.C. §157(b)(2). The statutory predicates for the relief requested in the Motion are Sections 105(a), 331, 503(b) of the Bankruptcy Code.

# RELIEF REQUESTED

8. By its application, the Debtor seek to employ and retain PHP Group, Inc. ["Broker" hereinafter] as its Realtor with regard to the listing the Property. Accordingly, the Debtor respectfully requests entry of an order under Bankruptcy Code §327 authorizing the Debtor to employ Broker as its broker to list and sell the Property.

9. Debtor has selected Broker because its responsible individual has interviewed Nic Bui, a salesperson with Broker, for two hours and is confident that Mr. Bui is familiar with marketing unique properties such as the Property and because Mr. Bui has represented numerous debtors in other bankruptcy proceedings.

## SERVICES TO BE RENDERED

10  Broker will be required to render, among others, the following services to the Debtors:

(a) advise the Debtor with respect to preparing the Property for sale.

(b) Act as listing agent to market and sell the Property.

## DISINTERESTEDNESS OF PROFESSIONALS

11. As set forth in the Declaration of Trung Tran, the broker officer of PHP Group, Inc., to the best of his knowledge and belief:

(a) Neither Mr. Bui, Broker nor after inquiry anyone working at Broker's office, holds or represents an interest adverse to the Debtor's estate.

(b) Neither Mr. Bui, Broker nor any real estate licensee within Broker nor any of its employees are or were a creditor, an equity security holder, or an insider of the Debtor.

(c) Neither Mr. Bui, Broker nor any of the Broker's licensees have any interest materially adverse to the interest of the estate nor to any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtor nor for any other reason;

(d) Neither Mr. Bui nor any Broker's licensees or employees is related in any way to any United States Bankruptcy Judge, any District Court Judge nor to anyone within the Office of the United States Trustee.

/ / /

/ / /

**PROFESSIONAL COMPENSATION**

12. In accordance with the terms of the proposed Listing Agreement, Broker is seeking to be compensated at the rate of 5% of the gross sales price. This commission is to be split equally between Broker and the office procuring the Buyer.

**OTHER PROVISIONS**

13. Any pre-confirmation offer requires approval from the Court as a condition of closing.

14. Other than described above, no arrangement is proposed between the Debtor and Broker for compensation to be paid in this case.

WHEREEFORE, the Debtor requests that the Court enter an order granting the relief requested above and any additional relief the Court deems appropriate.

DATED: July 13, 2022            THE FULLER LAW FIRM, P.C.


                                By:  /s/ *Lars T. Fuller*
                                     LARS T. FULLER
                                     Attorneys for Debtor