

```
1    LARS T. FULLER (No. 141270)
     JOYCE K. LAU (No. 267839)           The following constitutes the order of the Court.
2    THE FULLER LAW FIRM, P.C.           Signed: December 12, 2022
     60 No. Keeble Ave.
3    San Jose, CA 95126
     Telephone: (408)295-5595
4    Facsimile: (408) 295-9852

5    Attorneys for Debtor                _____
                                         M. Elaine Hammond
6    Envia Holdings, LLC                 U.S. Bankruptcy Judge
```

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re: | CASE NO.: 22-50489-MEH |
| ENVIA HOLDINGS, LLC | **ORDER CONFIRMING PLAN OF REORGANIZATION DATED SEPTEMBER. 7, 2022** |
| Debtor | CHAPTER 11 Small Business Case |
| | Date: Dec. 8, 2022<br>Time: 10:00 AM<br>Court: 11 |

      On September 8, 2022, Debtor Envia Holdings, LLC filed a *Combined Plan and Disclosure Statement dated Sept. 7, 2022.*

      On December 8, 2022, the Court held a final hearing on confirmation of the Plan. Lars T. Fuller appeared for Debtor. Other appearances were noted on the record.

      It appearing that (1) all creditors have been duly noticed; (2) the Plan has been proposed in good faith and not by any means forbidden by law; (3) the Plan complies with the applicable provisions of Chapter 11 of the United States Bankruptcy Code; (4) each holder of a claim or

interest has accepted the plan or will receive not less than such holder would receive in a Chapter 7; (5) no objection to confirmation having been filed; and (6) the general unsecured class, an impaired class, has accepted the Plan; and good cause appearing,

IT IS HEREBY ORDERED THAT the Plan filed by the Debtor, attached hereto as Exhibit A, is confirmed. Pursuant to Section 8.02 of the Plan, the Effective Date shall be 14 days after entry of this order. As provided under section 1141(d)(1)(A) and other applicable provisions of the Bankruptcy Code, the Plan discharge provisions set forth in Article 9 of the Plan are approved in all respects, and are incorporated herein in their entirety and shall be effective on the Effective Date of the Plan without further order or action on the part of the Court or any other party.

# EXHIBIT A

**Fill in this information to identify the case:**

Debtor Name   Envia Holdings, LLC

United States Bankruptcy Court for the: Northern District of California

Case number:   22-50489-MEH

☐ Check if this is an amended filing

Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11     02/20

Envia Holdings, LLC's  Plan of Reorganization, Dated Sept. 7, 2022

## Article 1: Summary

This Plan of Reorganization (the "*Plan*") under chapter 11 of the Bankruptcy Code (the "*Code*") proposes to pay creditors of Envia Holdings, LLC (the "*Debtor*") from the sale of estate Improved Property at 325 Denio Ave. #B Gilroy, CA (APN 835-07-024) and Unimproved Property at 0 Denio Ave. Gilroy, CA (APN 835-07-023) [Collectively referred to as "Properties"] or if the proceeds of sale are insufficient to pay creditors in full, from payments over time emanating from Mr. Villareal, Debtor's sole member.

This Plan provides for:

| | |
|---|---|
| X | classes of priority claims & administrative claims; |
| 2 | classes of secured claims; |
| 1 | class of non-priority unsecured claims; and |
| 1 | class of equity security holders. |

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 100% on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## Article 2: Classification of Claims and Interests

2.01  **Class 1**................................  The claim of Santa Clara Department of Tax & Collections for property taxes to the extent allowed as a secured claim under § 506 of the Code.

2.02  **Class 2**...................................  The claim of The Richard Vazquez and Robin C. Silvera Vasquez Revocable Trust made on May 30, 2019 to the extent allowed as a secured claim under  § 506 of the Code

2.03  **Class 3**...................................  All non-priority unsecured claims allowed under § 502 of the Code.

| | | |
|---|---|---|
| 2.04 | **Class 4** ................................. | Equity interests of the Debtor. |

## Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

| | | |
|---|---|---|
| 3.01 | **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes. |
| 3.02 | **Administrative expense claims** | Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full from the sale of the Improved Property or Unimproved Property or Properties subject to prior order of the Court. |
| 3.03 | **Priority tax claims** | Each holder of a priority tax claim will be paid. The claim of the FTB in the amount of $1,630.78 will be paid in full on the Effective Date. |
| 3.04 | **Statutory fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. |
| 3.05 | **Prospective quarterly fees** | All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. |

## Article 4: Treatment of Claims and Interests Under the Plan

4.01 **Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 – Santa Clara Department of Tax & Collections | Impaired | Paid in full on close of escrow for the sale of the improved Property, Unimproved Property or Properties, but in no event later than 6 months from the Effective Date. Claim shall accrue interest at 18% per annum from the commencement date.<br><br>If allowed claim is not paid in full within 6 months of the Effective Date, the Class 1 Claimant shall have relief from the automatic stay to proceed with its statutory remedies |
| Class 2 – Secured Claim of The Richard Vazquez and Robin C. Silvera Vasquez Revocable Trust made on May 30, 2019 | Impaired | Any Allowed Claim to be Paid in full on close of escrow from the sale of the improved Property, Unimproved Property or Properties, but in no event later than 6 months from the Effective Date. If the Property does not sell within 6 months of the Effective Date, this Secured Creditor shall have relief from the automatic stay to proceed with its State Law rights.<br><br>Debtor shall directly pay all post-confirmation property taxes and insurance before the delinquent date. |

| Class 3 – General Unsecured Creditors | Impaired | To be paid in full as follows: Paid in full together with interest at 3.12% per annum, the latter of the Effective Date or five days after the sale of the Unimproved Property or Improved Property or Properties, provided there are sufficient proceeds of sale, after payment of administrative priority claims, to pay these claims in full; or, if the proceeds of sale of the Properties are insufficient to pay these claims in full or if the Properties do not sell within 6 months of the Effective Date, paid in full without interest from the net proceeds of sale after payment of administrative priority claims, with the unpaid balance paid in payments of $3,558.33/mo. commencing on the 1st day of the 6th month after the Effective Date. All payments shall be paid pro-rata as to allowed claims. |
|---|---|---|
| Class 4 – Equity Security Holder | Impaired | Shall retain all membership interest in the Debtor. |

### Article 5: Allowance and Disallowance of Claims

**5.01 Disputed claim**

A *disputed claim* is a claim that has not been allowed or disallowed [by a final non- appealable order], and as to which either:

(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

**5.02 Delay of distribution on a disputed claim**

No distribution will be made on account of a disputed claim unless such claim is allowed.

**5.03 Settlement of disputed claims**

The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

### Article 6: Provisions for Executory Contracts and Unexpired Leases

**6.01 Assumed executory contracts and unexpired leases**

(a) The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date:

 There are no executory contracts or unexpired leases.

(b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than ninety (90) days after the date of the order confirming this Plan.

## Article 7: Means for Implementation of the Plan

Generally, The Plan will be funded from the sale of the Improved Property, Unimproved Property or Properties within 6 months of the Effective Date or in the unlikely event the proceeds of sale are insufficient to pay all allowed claims in full together with interest as set forth in the Plan, from payments over time.

More specifically, the Plan will be funded according to the Scenarios set forth in the table below:

| Scenario | Treatment of Secured Creditors | Treatment of General Unsecured Creditors |
|---|---|---|
| Unimproved or Improved Property sells within 6 months of the Effective Date and proceeds sufficient to pay administrative claims and general unsecured creditors in full | Pay allowed claims in full from escrow | Pay allowed claims in full the later of the Effective Date or within 5 days of close of escrow together with interest at 3.12% from the Effective Date. |
| Properties do not sell within 6 months of the Effective Date | Secured Claimants have relief from the automatic stay to enforce their liens | Debtor to commence payments of $3,558.33/mo. on the 1st day of the 6th month after the Effective Date paid pro-rata among allowed claimants continuing until claims are paid in full without interest. |
| Only one of either Improved Property or Unimproved Property sells within 6 months of Effective Date and proceeds are sufficient to pay secured claims in full but only part of the general unsecured claims | Paid in full at closing of sale | Continue to market unsold property and net proceeds of sale (after payment of administrative claims) of sold property distributed pro-rata to allowed claims of general unsecured creditors the later of the Effective Date or 5 days after close or escrow. Deficiency paid from later sale of remaining property. Until remaining property sells in an amount sufficient to pay deficiency in full, in payments of $3,558.33/month distributed pro-rata to allowed claims, paid on the 1st day of the 6th month after the Effective Date and continuing monthly on the 1st day of the month until claims paid in full, without interest |
| Both Properties sell within 6 months of the Effective Date and proceeds are sufficient to pay secured creditors in full, but not general unsecured creditors | Paid in full at closing of sale | Deficiency to general unsecured creditors to be paid in payments of $3,558.33/month distributed pro-rata to allowed claims, paid on the 1st day of the 6th month after the Effective Date and continuing monthly on the 1st day of the month until claims paid in full without interest. |

## Article 8: General Provisions

**8.01 Definitions and rules of construction**

The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

**8.02 Effective date**

The effective date of this Plan is the first business day following the date that

is fourteen (14) days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated.

**8.03 Severability**

If any provision in this Plan is determined to be unenforceable, the

determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**8.04 Binding effect**

The rights and obligations of any entity named or referred to in this Plan will

be binding upon, and will inure to the benefit of the successors or assigns of such entity.

**8.05 Captions**

The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**8.06 Controlling effect**

Unless a rule of law or procedure is supplied by federal law (including the

Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of California govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

**[8.07 Corporate governance**

Not Applicable

**8.08 Retention of Jurisdiction**

The bankruptcy court may exercise jurisdiction over proceedings concerning: (i) whether The Debtor is in Material Default of any Plan obligation; (ii) whether the time for performing any Plan obligation should be extended; (iii) adversary proceedings and contested matters pending as of the Effective Date or specifically contemplated in this Plan to be filed in this court (see Part 7(f)); (iv) whether the case should be dismissed or converted to one under Chapter 7; (v) any objections to claims; (vi) compromises of controversies under Fed. R. Bankr. Pro. 9019; (vii) compensation of professionals; and (viii) other questions regarding the interpretation and enforcement of the Plan.

## Article 9: Discharge

On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

| Debtor Name | Envia Holdings, LLC | Case number | 22-50489-MEH |

### Article 10: Other Provisions

None.

Respectfully submitted,

✘ /s/ Nathaniel Villareal  
[Signature of the Plan Proponent]

Nathaniel Villareal  
Envia Holdings, LLC c/o Nathaniel Villareal

✘ /s/ Lars T. Fuller  
[Signature of the Attorney for the Plan Proponent]

Lars T. Fuller  
Lars T. Fuller, Attorney for Debtor

**\*\*END OF ORDER\*\***

**COURT SERVICE LIST**

All electronic service.