Arasto Farsad, Esq. (SBN 273118)
Nancy Weng, Esq. (SBN 251215)
**FARSAD LAW OFFICE, P.C.**
1625 The Alameda, Suite 525
San Jose, CA 95126
Tel: (408) 641–9966
Fax: (408) 866–7334
Email addresses: farsadlaw1@gmail.com
nancy@farsadlaw.com

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>ENVIA HOLDINGS, LLC<br><br>Debtor. | Case No. 22-50489 MEH<br>Chapter 11<br><br>**DECLARATION OF NATHANIEL VILLAREAL IN SUPPORT OF LIMITED OPPOSITION TO MOTION FOR RELIEF FROM STAY**<br><br>Date: July 13, 2023<br>Time: 2:30 p.m.<br>Place: Either in person at 280 S. 1st St., Courtroom 11, San Jose, CA 95113 **OR** by Tele / Video Conference<br><br>**Judge: Honorable M. Elaine Hammond** |

I, Nathaniel Villareal, am the Managing Member and Responsible Person for the Debtor herein, ENVIA HOLDINGS, LLC. I have personal knowledge of the information contained herein and, if called upon to testify, could and would do so competently. I declare as follows: ,

1. I filed the instant case on behalf of the Debtor on June 2, 2022 to stop the foreclosure of real property located at 325-B Denio Ave., Gilroy, CA (the "Property") initiated by the primary lienholder and secured creditor, the Richard Vasquez and Robin C. Silvera Vasquez Trust ("Creditor"). The Property has roughly $600,000.00 in equity.

1

DECLARATION OF NATHANIEL VILLAREAL
IN SUPPORT OF LIMITED OPPOSITION TO
MOTION FOR RELIEF FROM STAY

Case No. 22-50489 MEH

2. The Property is 20-acre farm with at least three tenants living in trailers. Unfortunately, I was the victim of a complicated investment scam and lost all of the money that I borrowed from the Creditor. I attempted to service the debt owed, but realized that I needed to sell the Property to salvage the remaining equity.

3. With the assistance of my attorney, I filed a Chapter 11 Plan (Dkt. No. 34) which was confirmed by the Court on December 12, 2022. The plan terms gave the Debtor six months to sell from its Effective Date.

4. On April 21, 2023, on behalf of the Debtor, I filed an objection to the creditor's proof of claim (Dkt. No. 59) which was filed by creditor's previous counsel.

5. On June 22, 2023, on behalf of the Debtor, I withdrew the objection to claim (Dkt. No. 67).

6. On June 23, 2023, Creditor filed an amended proof of claim. I understand the amended claim adds "anticipated" legal fees for state court counsel (there is a separate state court lawsuit pending for claims against the creditor which are not related to the note), as well as a jaw-dropping, $54,577.70 in legal fees for the Creditor's instant Bankruptcy attorney, who has been in the case barely a few months.

7. While I have no issue with the amount owed under the note otherwise re: principal and interest payments, on behalf of the Debtor, I firmly dispute these attorney's fees,

8. At this time, the sale of the Property is in escrow with an all-cash contract.

9. Under the Purchase and Sale Agreement, the Property must be delivered vacant. Given that the tenants on the Property are long term and some over the age of 62, the notice period to vacate appears to be 90 days. Formal notice was given to all tenants on June 6, 2023. After notice was given, the tenants verbally informed me that they will vacate the property no later than August 31, 2023.

10. Accordingly, I anticipate a closing will occur in mid-September.

11. I have no dispute that the Creditor is entitled to relief from stay under its confirmed Plan of Reorganization. However, it is highly questionable as to why the creditor chose to bring this motion at the 11th hour? The creditor was served the Amended Plan on

September 8, 2022 in which it was clear the Debtor intended to sell the Property. A motion for relief from stay is filed almost 10 months later? The escrow close on the imminent sale of the Property will deliver a full payoff of the Creditor. I respectfully ask the Court to consider to what end is the reason to bring the instant motion other than to drive up mounting costs and fees or desperately attempt to account for the bogus estimate of attorney's fees -- $54,577.70?

I declare under penalty of perjury that the aforementioned is true and correct.

DATED: July 6, 2023

Respectfully submitted,

By: */s/ Nathaniel Villareal*
Nathaniel Villareal
Managing Member and Responsible Person for the Debtor

3

DECLARATION OF NATHANIEL VILLAREAL
IN SUPPORT OF LIMITED OPPOSITION TO
MOTION FOR RELIEF FROM STAY

Case No. 22-50489 MEH