MEYERS LAW GROUP, P.C.
MERLE C. MEYERS, ESQ., CA Bar No. 66849
KATHY QUON BRYANT, ESQ., CA Bar No. 213156
100 Shoreline Highway, Suite B-160
Mill Valley, California 94941
Telephone: (415) 362-7500
Facsimile:  (415) 362-7515
Email: mmeyers@meyerslawgroup.com
       kquonbryant@meyerslawgroup.com

Attorneys for the Richard Vasquez and Robin C. Silvera Vasquez Trust,
Secured Creditor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>ENVIA HOLDINGS, LLC,<br><br>                Debtor. | Case No. 22-50489-MEH<br><br>Chapter 11<br><br>Date:   July 13, 2023<br>Time:  2:30 p.m.<br>Place:  U.S. Bankruptcy Court<br>          280 So. First St., Ctrm. 11<br>          San Jose, California<br>Judge:  Hon. M. Elaine Hammond |

**REPLY OF SECURED CREDITOR TO
DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

The RICHARD VASQUEZ AND ROBIN C. SILVERA VASQUEZ TRUST (the "Trust") filed a motion for relief from stay (docket no. 68, the "RFS Motion"), pursuant to the provisions of 11 U.S.C. § 362(d), seeking the ability to complete its foreclosure on real upon property collateral located at 325-B Denio Ave., Gilroy, California (the "Real Property"), following the failure of ENVIA HOLDINGS, LLC (the "Debtor"), to timely sell the Real Property in accordance with the terms of its confirmed plan of reorganization (docket no. 34, the "Plan"). The Debtor has opposed the relief sought in the RFS Motion to the extent of seeking its delay, without cause. As set forth below, the Opposition should therefore be overruled.

## I. THE RFS MOTION

As pointed out in the RFS Motion, cause for relief is clear: The Plan, proposed by the Debtor and unopposed by the Trust or any other creditor, expressly provides that if the Debtor does not sell

-1-

the Real Property by a self-imposed deadline, which is June 26, 2023, the Trust "shall have relief from the automatic stay to proceed with its State Law rights." Plan, Article 4.01. The Real Property was not sold by June 26, 2023, and therefore the Trust filed its RFS Motion on June 27, 2023, following the Debtor's failure under the Plan.[1]

## II. DEBTOR'S OPPOSITION

The Debtor has now filed a *Limited Opposition to Motion for Relief From Stay; Certificate of Service* (docket no. 72, the "Opposition"), requesting that the Court postpone the relief requested by the Trust until September 15, 2023. The Opposition does not contest the Trust's right to stay relief, nor does it refute any of the legal analysis or caselaw citations set forth in the RFS Motion. The Opposition does not disagree that its deadline for sale was June 26, 2023. The Opposition does not suggest any basis for modification of the Plan (which has not been sought in any event),[2] and does not challenge the calculation of the amount asserted by the Trust to be owing on its secured claim (despite its earlier opposition) other than to challenge the accrual of attorneys' fees without any stated basis. Instead, without legal authority or even analysis, the Debtor boldly asks the Court to ignore the Debtor's own clear and unequivocal language in the Plan that mandates relief from stay as of June 27, 2023, based on a pending sale contract.

## III. DISCUSSION

Essentially, the Debtor seeks to unilaterally modify the express terms of the Plan, without so much as a motion, notice to creditors or an opportunity for creditors to vote against or oppose the modification, much less has the Debtor argued any cognizable basis for modification.

"Under § 1141(a), the terms of a confirmed plan are binding on all parties. Section 1127(b)

---

[1] In its opposition, the Debtor asks incredulously why the Trust filed its motion "at the 11th hour" (Opposition, 3:7). The answer is of course obvious: The Trust properly waited for the Debtor to sell the Real Property by the Plan's deadline, and could not seek stay relief until that deadline had passed unfulfilled. Once the Debtor had failed in its commitment, the Trust immediately filed its motion.

[2] Under 11 U.S.C § 1127(b), a confirmed plan may be modified only after additional disclosures, facts warranting modification and additional voting, among other requirements. None of those prerequisites have been shown to exist here. Moreover, even if the Debtor were to seek modification of its confirmed Plan, denial of such a motion would be warranted. *In re Sandford*, 498 B.R. 307 (Bankr. D.N.M. 2013) (denial of debtor's motion to modify confirmed chapter 11 plan to extend time to sell real property was within the bankruptcy court's sound discretion; facts did not warrant the requested modification where debtor had committed to selling the real property within 14 months under the plan, or be converted to chapter 7. "Unfortunately, the deadline she committed to has come and gone, and no sale has been completed. All things considered, she should be held to the bargain she negotiated." *Id*. at 313).

-2-
REPLY TO SECURED CREDITOR'S OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY
32860.DOC 20176
Case: 22-50488  Doc# 74  Filed: 07/07/23  Entered: 07/07/23 12:51:21  Page 2 of 4

provides that a confirmed chapter 11 plan may be modified before but not after 'substantial consummation' of the plan. Taken together, '§§ 1127(b) and 1141(a) impose an important element of finality in chapter 11 proceedings, allowing parties to rely on the provisions of a confirmed reorganization plan.'" *Caviata Attached Homes, LLC v. U.S. Bank, Nat'l. Assoc. (In re Caviata Attached Homes, LLC)*, 481 B.R. 34, 46 (9th Cir. B.A.P. 2012) (quoting *Integon Life Ins. Corp. v. Mableton–Booper Assocs. (In re Mableton–Booper Assocs.)*, 127 B.R. 941, 943 (Bankr.N.D.Ga.1991)).

As stated in the RFS Motion, waivers of the automatic stay incorporated in the terms of a confirmed chapter 11 plan have been found valid and enforceable against the debtor, and constitute cause under for stay relief under 11 U.S.C. § 362(d)(1); *In re A. Hirsch Realty, LLC*, 583 B.R. 583 (Bankr. D.Mass. 2018); *In re BGM Pasadena, LLC*, 2016 WL 3212243 (C.D.Cal. 2016). "When such a waiver is made a part of a confirmed plan or a court-approved settlement agreement, either with the consent of unsecured creditors or after they have received notice and an opportunity to object, absent changed circumstances, such waivers have routinely been enforced." *BGM Pasadena, supra*, at *4 (internal quotations and citation omitted).

The Debtor does not dispute the existence of cause for relief, nor does it rebut the foregoing caselaw. It offers only a sale contract that would not close (if at all) until long after the June 26, 2023 deadline,[3] and offers no explanation as to why an earlier sale was not attempted – no evidence is provided as to prior offers or the lack thereof, for example, or what efforts the Debtor made to meet the deadline. The deadline could not have come as a surprise to the Debtor, inasmuch as it set the date itself in its confirmed Plan, and yet, the Debtor made no evident effort to sell the Real Property by that date, whether by lowering its asking price, seeking out a buyer without contingencies or accelerating the closing date.[4]

Though unstated, the Debtor seeks to modify its confirmed Plan and postpone its sale deadline

---

[3] Notably, the sale contract is not at all a sure thing: The would-be buyer has deposited only one percent of the purchase price, and no evidence of the buyer's ability to complete the purchase has been provided. Moreover, the contract cannot even be performed as written: The contract identifies Nathaniel Villarreal as the seller (docket no. 72, page 25), but the Real Property is owned by the Debtor.

[4] The Trust is informed, but cannot confirm, that the Debtor rejected earlier purchase offers that would have easily met the deadline, albeit at lower prices.

Case: 22-50488    Doc# 74    Filed: 07/05/23    Entered: 07/07/23 12:51:21    Page 3 of 4

by almost three months, without any factual or legal basis whatsoever for doing so. The Debtor should be held to the bargain that it made with creditors in its Plan, and the Opposition should be overruled.

## IV. CONCLUSION

Based on the foregoing, the Trust respectfully requests that the Opposition be overruled and relief be granted to the Trust as set forth in the RFS Motion.

DATED: July 7, 2023

MEYERS LAW GROUP, P.C.

By /s/ Merle C. Meyers
Merle C. Meyers, Esq.
Attorneys for Richard Vasquez and Robin C. Silvera Vasquez Trust, Secured Creditor